IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| M. LEE ARNOLD, Derivatively on Behalf of CHESAPEAKE ENERGY CORPORATION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-11-986-D |
| AUBREY McCLENDON, et al., | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the parties' Stipulation Voluntarily Dismissing Action Without Prejudice [Doc. No. 52] submitted pursuant to Rule 23.1(c) and 41(a) of the Federal Rules of Civil Procedure. Also before the Court is the parties' Joint Supplemental Brief in Support of Joint Stipulation Voluntarily Dismissing Action Without Prejudice [Doc. No. 54]. The Court also has before it for consideration the Declaration of Jay N. Razzouk in Support of Joint Supplemental Brief [Doc. No. 55]. The parties state in the Stipulation that notice of dismissal of the action pursuant to Fed. R. Civ. P. 23.1(c) is not required under the circumstances of this case. The Court directed the parties to submit additional briefing on the issue of whether such notice should be excused. *See* Order [Doc. No. 53].

As the Court noted in its prior Order, this shareholders' derivative action has been stayed since August 13, 2013, pending the outcome of the appeal in *United Food and Commercial Workers Union v. Chesapeake Energy Corp., et al.,* No. CIV-09-1114-D. The parties have previously stipulated that the issues raised in *United Food* are similar to those presented in the instant action.

Plaintiff contends the notice requirement of Rule 23.1(c) is regularly excused under circumstances like those present in this case. Specifically Plaintiff states that notice is not required

based on the entry of summary judgment in favor of the defendants in the *United Food* suit wherein the Tenth Circuit affirmed the district court's determination concluding "Chesapeake's alleged omissions were not material or misleading." *See United Food & Commercial Workers Union Local 880 Pension Fund v. Chesapeake Energy Corp.*, – F.3d –, 2014 WL 6725435 (10th Cir. Aug. 8, 2014). Plaintiff contends that the claims in this action are no longer viable in light of the ruling in the securities class action suit. As Plaintiff states, the ruling in the securities class action "conclusively forecloses the question of whether the Individual Defendants can be held liable for the alleged disclosure failures." *See* Supplement Brief at p. 7. As Plaintiff further states, the dismissal is a strategic decision in Chesapeake's best interests and not the result of any settlement or other personal benefit derived by Plaintiff. In addition, Plaintiff states notice is not required because Plaintiff is the only individual to have made a litigation demand as to the issues raised in this action and no other individual, therefore, could intervene and take control of the derivative action based on the wrongful refusal of that demand. If any individual were to now make a demand, the claim would be a new claim as the demand would be brought against an entirely different Board. Finally, Plaintiff contends the expense of giving notice would be unduly burdensome and a "needless expense" given the fact that a valid claim no longer appears to exist.

In the alternative, Plaintiff states that Chesapeake will provide notice if so ordered by the Court. Chesapeake proposes that such notice be provided as a press release, filed with the SEC on a Form 8-K and linked on the investor relations section of the Company's website for a period of two weeks. Chesapeake contends courts have regularly held such a method of notice to satisfy the requirements of Rule 23.1(c). *See* Supplemental Brief at p. 11 (citing cases).

The Court finds that Plaintiff has set forth valid reasons which would support excusing the notice requirement of Rule 23.1(c).  *See Papilsky v. Berndt*, 466 F.2d 251, 258 (2d Cir. 1972); *see also Bushansky v. Armacost*, No. 12-CV-10597-JST, 2014 WL 2905143 at * 5 (N.D. Cal. June 25, 2014) (unpublished op.) (discussing factors similar to those addressed by Plaintiff as warranting dispensing with the notice requirement of Rule 23.1(c)).  However, the Court further finds that Chesapeake's proposed form of notice is acceptable and is not unduly burdensome.  Therefore, out of an abundance of caution, the Court directs that such notice be provided in the manner set forth in the Joint Supplemental Brief.  If no shareholder seeks to intervene within the requisite period set forth in the proposed notice, Plaintiff shall file a motion requesting the Court to enter its order dismissing the action pursuant to the parties' Joint Stipulation.

IT IS SO ORDERED this 2nd day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE